HAUEISEN *v.* SZALAY ET AL.

(Decided October 28, 1929.)

*Mr. Frank W. Emslie,* for plaintiff.
*Messrs. Morgenstern & Morgenstern,* for defendants.

MAUCK, J. In March, 1928, Anna Haueisen took a mortgage for $1,500 on certain personal property belonging to John Szalay. This mortgage secured a number of promissory notes for $100 each. After

three of the notes had been paid, and two more were in default, the two in default were sued upon and personal judgment had in the municipal court. This was in September, 1928. On October 1, 1928, the mortgagee took possession of the mortgaged property. Thereafter an execution was issued upon the judgment referred to, and the bailiff was instructed in writing by Haueisen to levy on and sell the equity of redemption of the mortgagor in the furniture in question. This was done and the defendant Sidney Cohen bid and paid for the same $231. This $231 went to the judgment creditor, Anna Haueisen, the plaintiff here. Later Haueisen brought an action in the municipal court for foreclosure of the mortgage and for a personal judgment upon the notes remaining unpaid. Sidney Cohen was made a party to the action, and by pleading claimed that by virtue of the execution sale he became the absolute owner of the property in question as against any claim of the mortgagee. This case was tried in the municipal court, and from a decree of that court an appeal was taken to this court.

The question to be determined in this court is whether by the execution sale Cohen became the absolute owner of the property free from the mortgage of the plaintiff, or whether he became the owner of an interest in the property subject to the plaintiff's mortgage, or whether the execution sale was wholly void and he took no interest in the property. Section 11655, General Code, fixes the power to levy and sell under an execution. For many years this section provided only for a levy and sale of lands and tenements and goods and chattels not exempt by law. Under that reading it was uniformly held that

only a legal title in property could be reached by execution. In 1880 the General Assembly added, after the words "lands and tenements," the phrase "including vested interests therein." In *First National Bank* v. *Logue, Trustee,* 89 Ohio St., 288, 106 N. E., 21, L. R. A., 1915B, 340, it was held that, as vested interests included equitable as well as legal interests, an equitable estate in lands and tenements could be reached by execution. Since the decision in *Bank* v. *Logue,* the section in question has been again amended by confining the vested interests subject to execution to "vested legal interests." 111 Ohio Laws, 366. *Bank* v. *Logue* consequently is no longer an authority in interpreting Section 11655. There is therefore no power under that section now to reach equitable interests in real estate, and there has never been any power to make execution sale thereunder of equitable interests in personal property. Such interests can only be realized on by a judgment creditor by an action brought under favor of Section 11760, General Code.

It is true that an execution can be levied upon a mortgagor's interest in mortgaged chattel property, but that can only be done while the mortgagor is in possession before the condition is broken. After the conditions of the mortgage have been broken and the mortgagee is in possession, the interest of the mortgagor is an equity only and not subject to execution. 7 Ohio Jurisprudence, 372.

It follows that in the attempted sale to him Cohen bought nothing. The sale, however, at which he parted with his money was brought about by the procurement of the plaintiff in the pending case. It was for her benefit. She realized all the proceeds

of that sale. In the pending case she seeks equitable relief by praying for foreclosure. As a condition precedent to granting that equitable relief, she will be required to perform equitably. It is now ordered that out of the proceeds of the sale of the mortgagee's property Sidney Cohen be paid first, after the costs, the sum of $231, with interest from the date of sale, and that he recover from the plaintiff his costs in this case.

*Decree for plaintiff.*

MIDDLETON, P. J., concurs.

Judges MIDDLETON and MAUCK of the Fifth Appellate District, sitting by designation in the Eighth Appellate District.