HEILKER, RECEIVER, *v.* HOTEL GIBSON CO. ET AL.

(Decided July 9, 1934.)

*Messrs. Heilker & Heilker* and *Mr. Edmund D. Doyle,* for plaintiff in error.
*Messrs. Dolle, O'Donnell & Cash,* for defendants in error.

Ross, J. This is a proceeding in error from the Court of Common Pleas of Hamilton county, wherein the judgment of the Municipal Court of Cincinnati in favor of the plaintiff, the Hotel Gibson Company, was affirmed.

The contest in this case is between an execution creditor, the Hotel Gibson Company, and the holder of a chattel mortgage, plaintiff in error, which mort-

gage was refiled, but not in accordance with the provisions of Section 8565, General Code.

The indebtedness to the hotel was incurred after the execution and filing of the chattel mortgage upon a piano, and before it was defectively refiled. The hotel knowing of such mortgage also took a chattel mortgage upon the piano, to secure the payment of notes covering the indebtedness of the owner of the piano to it.

Proceedings to realize upon its chattel mortgage lien were commenced by the hotel in the Municipal Court of Cincinnati. The hotel also sued for the amount of the notes and $150 additional, which was to be remitted if the notes were paid as agreed. The prayer of the petition was for a money judgment for the amount of the notes, plus the $150, and for foreclosure. The plaintiff in error receiver advanced the defectively refiled chattel mortgage as a defense to this action, claiming, although he admits that the refiling of the chattel mortgage· was ineffective, that it was good against the hotel, since the hotel knew of the existence of the mortgage and was therefore not a mortgagee in good faith.

The hotel, however, claims that it was also a creditor, and as such had reduced its claim to judgment, and had actually levied execution upon the piano, and such is the fact. "On March 2, 1933, plaintiff issued an execution and levied upon the judgment heretofore rendered in this cause against the defendant, Dr. Arthur Rydberg, and in favor of the plaintiff in the sum of $999.41 upon the Ampico Grand Piano referred to in the cross-petition of the defendant, George P. Gross."

The contention of the plaintiff in error is that having asserted its position as a mortgagee, and commenced proceedings to foreclose, the mortgagee can not now abandon such position and stand upon its rights as an execution creditor, which rights, under

the statute, it is admitted, would take precedence over those of the holder of a defectively refiled chattel mortgage. The facts are found in a stipulation between the parties.

Our attention is directed to the case of *Haueisen* v. *Szalay*, 33 Ohio App., 350, 169 N. E., 602, as sustaining the contention of plaintiff in error. In that case the chattel mortgagee after obtaining a judgment upon two notes in default took possession of the chattel property under her mortgage, and thereafter levied an execution upon the equity of redemption of the mortgagor, which was purchased at public sale by one Cohen. Thereafter, the mortgagee brought an action in foreclosure and for personal judgment. Cohen intervened and claimed he was the owner of the property by purchase at the sale on execution. The court says on page 351:

"The question to be determined in this court is whether by the execution sale Cohen became the absolute owner of the property free from the mortgage of the plaintiff, or whether he became the owner of an interest in the property subject to the plaintiff's mortgage, or whether the execution sale was wholly void and he took no interest in the property."

Under the law it was found also by the court that there could be no sale of an equity of redemption, that such sale was void, and that Cohen was in equity entitled to a refund from the mortgagee out of the sale of the property on foreclosure. This case, therefore, is not an authority for the claim of the plaintiff in error that the hotel cannot levy execution upon the chattel property upon which it holds a mortgage, but which it has never taken into its possession.

We consider the question presented definitely settled by the case of *Besuden* v. *Besuden*, 57 Ohio St., 508, 49 N. E., 1024, wherein the court says in the opinion, at page 516:

"Rights of the second mortgagee which do not depend on his mortgage, or in the assertion of which the mortgage is not relied upon, are not affected by its subordinate relation to another mortgage on the same property. Unquestionably the second mortgagee may renounce or abandon his mortgage and sue on the debt; and, after judgment, levy execution on the mortgaged property. In such a case he acquires the rights of an execution creditor, and the question of priority then becomes one between him as such creditor, and the prior mortgagee, unaffected by the fact that he had held a second mortgage; and if he thereby lawfully obtains a prior lien, he cannot be deprived of it upon any theory of implied agreement arising from the mortgage which had been previously made to him. Certainly there can be no implied agreement that he would not enforce collection of his debt by judgment and execution against any property of the debtor which could be lawfully reached by such process; nor does the law imply an agreement that he would relinquish or assign to a prior mortgagee the fruits of his proceeding, or of any that he might lawfully pursue."

See, also, 7 Ohio Jurisprudence, 375, Section 74.

We, therefore, affirm the judgment of the Court of Common Pleas.

*Judgment affirmed.*

HAMILTON, P. J., concurs.